**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 29, 2009

No. 09-60096
Summary Calendar

Charles R. Fulbruge III
Clerk

ALVARO ALVARADO-CASAS,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A075-237-502

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Alvaro Alvarado-Casas has filed a petition for review of a Board of Immigration Appeals ("BIA") decision denying him cancellation of removal under the Immigration and Nationality Act. 8 U.S.C. § 1229b. The petition for review is DENIED.

Alvarado-Casas, a citizen of Mexico, entered the United States without inspection on a number of occasions. He first arrived in the United States in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1994. In 1998, he was permitted to make a voluntary departure prior to the commencement of removal proceedings, and he returned to Mexico. Shortly thereafter, he came back to the United States, again without inspection. Upon discovery, he was placed in removal proceedings in 2005. The Immigration Judge found Alvarado-Casas removable. Alvarado-Casas applied for cancellation of removal or, in the alternative, voluntary departure at the conclusion of proceedings. The immigration judge denied both applications, and the BIA subsequently dismissed the appeal.

To qualify for cancellation of removal, an individual must show, among other things, ten years' continuous physical presence in the United States. 8 U.S.C. § 1229b(b). Alvarado-Casas argues that the BIA erred in finding that his continuous physical presence in the United States terminated in January 1998 when he departed the United States under threat of institution of removal proceedings.

We review the BIA's factual findings for substantial evidence and its rulings of law *de novo*. *Mireles-Valdez v. Ashcroft*, 349 F.3d 213, 215 (5th Cir. 2003). The BIA properly concluded that Alvarado-Casas was informed of his choices and rights regarding his 1998 departure, that the departure was voluntary, and that it was under threat of deportation proceedings.

The Attorney General has determined that voluntary departure under the threat of deportation interrupts continuous presence for the purposes of cancellation. 8 C.F.R. § 240.64(b)(4). We have upheld the Attorney General's determination, finding his construction of immigration statutes entitled to "considerable deference." *Mireles-Valdez*, 349 F.3d at 215-19.

Alvarado-Casas's petition is DENIED.